IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| TERRENCE F. COOKE, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>T.R. CRAIG, )<br>Warden, FCI Beckley, )<br>    Respondent. ) | CIVIL ACTION NO. 5:07-0490 |

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 9, 2007, Petitioner, acting *pro se* and formerly incarcerated at FCI Beckley, Beaver, West Virginia, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Having carefully examined the documents contained in the file and considered the applicable law, the undersigned finds that Petitioner is not entitled to *habeas* relief.

**PROCEDURE AND FACTS**

In May 2003, Petitioner pled guilty to drug charges in the United States District Court for the Eastern District of North Carolina. (Document No. 1.) Petitioner received an 84-month sentence

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of imprisonment. (Id.) Petitioner did not file an appeal. (Id.) According to Petitioner's Application, he has not initiated any prior post-conviction proceedings. (Id.)

On August 9, 2007, Petitioner filed the instant Application alleging the "illegal execution of sentence" as grounds for *habeas* relief. (Document No. 1, p. 7.) Specifically, Petitioner challenges Defendant's failure to timely enroll Petitioner in the Residential Drug Abuse Treatment Program [RDAP]. (Id.) Petitioner claims that he was designated to FCI Beckley "to complete the 500 hour comprehensive drug abuse treatment program pursuant to Title 18, U.S.C., Section 3612(e)," but has not be given priority according to his projected release date. (Id.) Since Petitioner's projected release date is February 10, 2010, Petitioner alleges that he must be enrolled in the RDAP by September 2007, in order to timely complete the program and receive the one year sentence reduction. (Id.) Petitioner states that FCI Beckley officials have informed him that he will not be enrolled in RDAP until the "the middle of calendar year 2008." (Id., p. 8.) Therefore, Petitioner contends that "convicts designated to FCI Beckley to complete RDAP are categorically disqualified from receiving their individualized determination for up to one year sentence reduction under 18 U.S.C. § 3621(e), due to no fault of their own, and in violation of the constitution, laws or treaties of the United States." (Id.) Petitioner asserts that the "doctrines of promissory and equitable estoppel preclude Respondent from retroactively altering or revoking the undersigned's eligibility for up to one year sentence reduction and individualized consideration, thereof, after having notified him of eligibility to receive these valuable benefits pursuant thereto." (Id.) Petitioner requests the Court to "deduct one full year from the petitioner's current projected release date of February 10, 2010, and to place him in a Community Correctional Center or home confinement program six full months prior to his new projected release date of February 10, 2009, as necessary or appropriate to secure his 'settled expectation' to early release under the statute." (Id.)

**ANALYSIS**

**I.   Jurisdiction:**

District Courts are limited to granting *habeas* relief "within their respective jurisdictions." 28 U.S.C. § 2241(a); United States v. Little, 392 F.3d 671, 680 (4th Cir. 2004). In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the Supreme Court explained that 28 U.S.C. § 2241 "requires nothing more than [the] court issuing the writ have jurisdiction over the custodian." Therefore, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody . . . , he should name his warden as respondent and file the petition in the district of confinement." United States v. Little, 392 F.3d at 680(citing Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S.Ct. 2711, 2724, 159 L.Ed.2d 513 (2004)). In this case, Petitioner instituted this action while incarcerated in FCI Beckley in Beaver, West Virginia. While the instant action was pending before this Court, however, Petitioner was transferred to FCI Petersburg, which is located in Petersburg, Virginia.[2] In the context of a *habeas corpus* proceeding, "[t]he writ does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at 494-95, 93 S.Ct. at 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's transfer, the undersigned finds that Petitioner is no longer in custody at FCI Beckley. He is now incarcerated in Virginia and beyond this Court's jurisdiction. The undersigned believes that the best course of action under the circumstances is to determine whether Petitioner's claim has merit. If so, the undersigned should

---

[2] According to the BOP's Inmate Locator, Petitioner's projected release date is January 20, 2010.

3

recommend the transfer of this matter to the United District Court for the Eastern District of Virginia. If not, the undersigned should recommend dismissal.

## II.     No Constitutional Right to Early Release:

Considering Petitioner's claims notwithstanding the determination that they are moot, the undersigned finds them without merit. *Habeas* relief under 28 U.S.C. § 2241 is available when a prisoner demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Although the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration. See U.S. Const. amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Gaston v. Taylor, 946 F.2d at 343 (emphasis added).

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(*quoting* Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in

those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, to establish a deprivation of a liberty interest with respect to Petitioner's "settled expectation to early release," Petitioner must show either that (1) he has a legitimate entitlement to early release or (2) his lack of placement in RDAP creates an atypical or significant hardship in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 483-84, 115 S.Ct. at 2299-2300.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7, 99 S.Ct. at 2104; see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18, U.S.C. § 3621(e), however, vests the BOP with broad discretionary authority to reduce, by up to one year, the sentence of a federal prisoner convicted of a nonviolent offense, upon the successful completion of a substance abuse treatment program.[3] 18 U.S.C. § 3621(e); see also Lopez v. Davis, 531 U.S. 230, 232,

---

[3] 18 U.S.C. § 3621(e)(2) provides as follows:

**(2) Incentive for prisoners' successful completion of treatment program. –**
   **(A) Generally.** – Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall

121 S.Ct. 714, 718, 148 L.Ed.2d 635 (2001). The language of this statute which provides that a prisoner's sentence "may be reduced by the [BOP]," is clearly permissive; the statute does not *mandate* that the BOP reduce a prisoner's sentence upon completion of the substance abuse treatment program.[4] See Lopez v. Davis, 531 U.S. 230, 240, 121 S.Ct. 714, 721, 148 L.Ed.2d 635 (2001)(Affirming that the BOP "may exclude inmates whether categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." (Citations omitted.)); Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996)(Finding that 18 U.S.C. § 3621(e)(2)(B) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program."). Thus, as to substance abuse treatment programs, the BOP has wide discretion in determining both whether an inmate enters such a program in the first instance and whether to grant or deny eligible inmates a sentence reduction under § 3621(e). See Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999). Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. See Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir.

---

periodically test the prisoner for substance abuse and discontinue such condition on determining that substance abuse has recurred.
    **(B) Period of custody.** – The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

[4] It should be noted here that the BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). This obligatory command however, does not extend to the granting of the incentive-based reduction of a prisoner's sentence for the successful completion of the substance abuse program.

6

2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998).

Petitioner asserts that he possesses a constitutionally protected expectation interest in receiving the one-year sentence reduction as provided for in 18 U.S.C. § 3621(e). In support of his claim, Petitioner appears to rely upon the principles of promissory or equitable estoppel. Petitioner's subjective expectation, however, does not arise to the level of a constitutional claim. See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither § 3621(e), the BOP's Program Statements (P.S. 5162.02 and 5330.10), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release.[5] See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

Furthermore, FCI Beckley's failure to immediately enroll Petitioner in RDAP does not constitute an "atypical and significant hardship" on Petitioner in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. at 482, 115 S.Ct. at 2299; Franklin v. District of Columbia,

---

[5] Even if Petitioner completes the RDAP, the statute governing the substance abuse treatment program gives discretion to the BOP to determine whether a prisoner should be granted *any* reduction in sentence. See 18 U.S.C. § 3621(e)(2)(B).

163 F.3d 625, 634-35 (D.C. Cir. 1998)(Issues of housing and transfers are issues which occur within the "day-to-day management of prisons."); see Marshall v. United States, 414 U.S. 417 (1974)(federal prisoners have no constitutional right to rehabilitation). Because nothing in the record indicates that Petitioner's conditions of confinement at FCI Beckley were atypical or resulted in a significant hardship, the undersigned finds that Petitioner has failed to demonstrate a due process violation. Accordingly, Petitioner does not possess a constitutionally protected interest in early release. For these reasons, the undersigned finds that Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus must be denied.

**PROPOSAL AND RECOMMENDATION**

Based on the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual and legal analysis and conclude that the District Court has no jurisdiction to consider the issue presented by Petitioner's request for *habeas* relief as Petitioner has been transferred to FCI Petersburg and that the circumstances do not warrant the transfer of the instant action to the Eastern District of Virginia. Accordingly, it is hereby respectfully **RECOMMENDED** that the District Court **DENY** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and remove this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this

Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner who is acting *pro se*.

ENTER: February 21, 2008.

R. Clarke VanDervort
United States Magistrate Judge